PAEZ, Circuit Judge, concurring and dissenting:
I concur in the court’s disposition of Givens’s claim of ineffective assistance of counsel (IAC) at trial. I respectfully dissent, however, from the denial of habeas relief as to Givens’s IAC sentencing claim. In my view, there is a reasonable probability that had the trial court been presented *439 with evidence of Givens’s contemporaneous electroconvulsive treatments (ECT) and their severe side effects, the court would not have exercised its discretion to impose consecutive sentences under Oregon Revised Statute section 137.123(5). See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
As the majority notes, the default under Oregon law is that sentences arising out of a continuous and uninterrupted course of conduct will run concurrently. See Or. Rev. Stat. § 137.123(4). Here, however, the trial court found that Givens’s offense conduct met the requirements of Oregon Revised Statute section 137.123(5). The trial court, however, never had the benefit of any evidence regarding Givens’s then recent ECT treatments.
Unbeknownst to the court at sentencing, Givens was released, against the advice of his doctors, from Pacific Gateway Hospital just hours before he assaulted the victim. An affidavit from Givens’s treating physician reported that “Givens received seven ECT treatments” from March 14 to March 24. And that after he was released, Givens committed the assault, “just two days after his last ECT treatment.” The doctor further explained that because Givens’s “ex-girlfriend agreed to sign him out and supervise him for the next week, we released him.... Had we known he would not have been supervised, we would not have released him because of the temporarily confused state the ECT treatments had brought upon him.”
With respect to Givens’s ability to form the requisite intent at the time of the crime, the treating physician explained that
72 hours after his last ECT treatment, Mr. Givens was still suffering from the effects of the series of ECT treatments. The lingering effects of those treatments would have included, among other things, confusion and memory loss.... While the ECT may not have hampered his ability to tell right from wrong, his ability to appreciate the consequences of his actions would have been severely impaired. It would have been difficult for Mr. Givens to appreciate the consequences of his actions. His capacity for executive functions, including decision making, would have been impaired on the day in question. During that time, his memory for day-by-day or moment-by-moment events would also have been impaired. His thought process would not have been sequential.
The ECT evidence is sufficiently startling and the therapy’s mental sideeffects sufficiently severe, that there is a reasonable probability that evidence of the treatments would affect a trier of fact’s assessment of the threat Givens posed to others as well as the benefit to Givens of additional custody time. There is also a reasonable probability that the evidence of Givens’s ECT treatments would affect a trier of fact’s determination as to whether Givens was capable at the time of the incident of forming the requisite mens rea to willingly commit more than one criminal offense, as required under Oregon Revised Statute section 137.123(5)(a). See State v. Anderson, 208 Or.App. 409, 145 P.3d 245, 249 (2006) (noting that ‘“willingness to commit more than one criminal offense’ is, as with any other determination of culpable mental states, innately factual”). Finally, although circumstances support each of the section 137.123(5) findings, the court had discretion not to make those findings. Had the court been fully informed about the ECT treatments and the lingering effects of such treatments, there is a reasonable probability that the court would not have imposed consecutive sentences.
In light of the statutory default for concurrent sentences and the discretion the *440 court had in imposing consecutive sentences, counsel’s failure to present such evidence “undermine[s] confidence in the outcome” of the sentence proceeding. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. For these reasons, I would conclude that Givens was prejudiced by his counsel’s failure to present such evidence' and reverse the district court’s denial of habeas relief on this claim.